NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINLY ANTOINE,<br><br>    Plaintiff,<br>v.<br>STATE OF NEW JERSEY,<br>    Defendant. | Civil Action No.: 19-10025 (CCC-MF)<br><br>**OPINION** |

**CECCHI, District Judge.**

This matter comes before the Court on the motion of Defendant State of New Jersey ("Defendant") (ECF No. 13) to dismiss *pro se* Plaintiff Linly Antoine's ("Plaintiff") Complaint (ECF No. 1 ("Compl")) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff opposes the motion. ECF No. 15. The motion is decided without oral argument pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. After reviewing the submissions made in support of and in opposition to the instant motion (ECF Nos. 15, 19–21), and for the reasons set forth below, Defendant's motion is **GRANTED**.

### I.   BACKGROUND

#### a) Factual Background

The following facts are accepted as true for purposes of the instant Motion. In 2005, Plaintiff's wife was arrested for violating the terms of her probation. Id. at 3. Plaintiff alleges that he had difficulty obtaining information from the Bergen County probation office regarding his wife's case. Id. at 3 ("The probation officer Maria Estrella sent me on a wild goose chase."), 5–6.[1]

---

[1] Plaintiff sought information on "how [his] wife had violated probation." Id. at 5. He also sought information regarding medical issues that his wife experienced while incarcerated at Bergen County Jail in 1992. *See* id.; ECF No. 19 at 3 ("Plaintiff Linly Antoine was attempting to retrieve

After Plaintiff requested information on multiple occasions, probation officer Maria Astrella hung up the phone. Id. at 5. He also heard individuals in the background making light of the situation. Id. Plaintiff alleges that he was upset and "left messages," which ultimately resulted in Plaintiff being charged with making terroristic threats and committed to Greystone Psychiatric Hospital ("Greystone"). Id. at 3. While at Greystone, Plaintiff was allegedly forced by staff, over his objections, to take medication that caused him headaches, rashes, blurry vision, and erectile dysfunction. Id. at 4. Plaintiff further alleges that, during a *Krol* hearing,[2] the State's doctor lied and falsely testified that Plaintiff made threatening statements to him. Id. at 8. He seeks monetary relief in the sum of $50 million. Id.

### b) Procedural Background

On April 15, 2019, Plaintiff filed the instant Complaint[3] against Defendant alleging violations of the Freedom of Information Act ("FOIA") and the First Amendment of the United States Constitution. Compl. at 2. On April 28, 2021, Defendant moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 13. Defendant argues that Plaintiff's claims should be dismissed because: (a) his claims are barred by the Eleventh Amendment of the United State Constitution; (b) "[p]laintiff has not plead a 'short and plain statement' showing that he is entitled to relief[;]"; (c) Defendant is not a proper party under FOIA

---

documents from an injury done to his wife while incar[c]erated at Bergen County Jail back in 1992.").

[2] In New Jersey, after a defendant is found not guilty by reason of insanity and committed for mental health treatment, "periodic review hearings (*Krol* hearings) are held in a criminal proceeding so to determine if continued involuntary commitment is warranted." *Tucker v. Ann Klein Forensic Ctr. Hosp.*, No. 01-4414, 2014 WL 1614766, at *2 (D.N.J. Apr. 22, 2014) (quoting *Brandt v. McQuaide,* No. 10-1035, 2010 U.S. Dist. LEXIS 134522, at *20 (D.N.J. Dec. 20, 2010)) (internal brackets omitted).

[3] Plaintiff's Complaint is composed of a standard form complaint, and two handwritten letters dated April 5, 2019, which supplement the allegations written on his form complaint. Id. at 5-8.

2

or section 1983; and (d) the claims are barred by applicable statutes of limitations. ECF No. 13-1 at 8–9.

On May 10, 2021, Plaintiff filed an opposition titled "motion to deny defendant motion to dismiss complaint," wherein he argued that Defendant's motion to dismiss was procedurally defective. ECF Nos. 15, 16. Magistrate Judge Edward S. Kiel entered an Order on May 10, 2021 that: (1) found that Defendant's Motion to Dismiss was procedurally proper under Rule 12(b); and (2) permitted Plaintiff to file a "substantive opposition" to Defendant's motion to dismiss. ECF No. 17.

Apparently in response to the Court's May 10, 2021 Order, Plaintiff filed the First Motion to Amend on June 2, 2021. ECF No. 19.[4] On June 22, 2021, Defendant filed an opposition to the First Motion to Amend, arguing that any proposed amendment to the Complaint should be denied because the proposed amendment would be futile. ECF No. 20 at 10. Plaintiff then filed the Second Motion to Amend on July 6, 2021. ECF No. 21. On July 12, 2021, Judge Kiel entered an Order that: (1) administratively terminated Plaintiff's First Motion to Amend and Second Motion to Amend; (2) deemed Defendant's Motion to Dismiss fully briefed; and (3) ordered that Plaintiff's Motion to Deny (ECF No. 15), Plaintiff's First and Second Motions to Amend (ECF Nos. 19, 21), and Defendant's opposition to the First Motion to Amend (ECF No. 20) be considered the parties' additional briefing on the instant Motion to Dismiss. ECF No. 22.

---

[4] Plaintiff proposed amending his complaint to expand upon the allegations in his original Complaint. Id. at 1–7. In the proposed first amended complaint, Plaintiff alleged, for the first time, that he was subject to double jeopardy by the Bergen County Prosecutor's Office, denied a patient bill of rights at Greystone, and harmed by a state court judge that entered a supervision order against him. Id. at 1–7.

## II.  LEGAL STANDARD

### a) Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss on Eleventh Amendment sovereign immunity grounds is properly brought pursuant to Rule 12(b)(1). *In re Camden Police Cases*, No. 11–1315, 2011 WL 3651318, *2 (D.N.J. Aug.18, 2011) (citations omitted). Motions under Rule12(b)(1) may be "facial" or "factual" challenges to the court's jurisdiction. *Id.* (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). In reviewing a facial challenge, the court must dismiss a plaintiffs claims if "the allegations on the face of the complaint, taken as true, [do not] allege facts sufficient to invoke [its] jurisdiction." *Id.* (quoting *Licata v. U.S. Postal Serv.*, 33 F.3d 259, 260 (3d Cir.1994)).

Here, Defendant puts forth a facial attack to subject matter jurisdiction based on the sufficiency of the pleadings. *See* ECF No. 13-1. Although a plaintiff generally bears the burden of establishing jurisdiction, the party asserting Eleventh Amendment immunity has the "burden of production and persuasion." *In re Camden Police Cases*, 2011 WL 3651318, *2 (quoting *Druz v. Noto*, No. 09–5040, 2010 WL 2179550 (D.N.J. May 28, 2010)).

### b) Federal Rule of Civil Procedure 12(b)(6)

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is facially plausible when supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating the sufficiency of a complaint, the court accepts all factual allegations as true, draws all reasonable inferences in favor of the non-moving party, and disregards legal conclusions. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231–34 (3d Cir. 2008). *Pro se* complaints are liberally construed and held to less stringent standards than

4

pleadings drafted by lawyers; however, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013) (citation omitted).

### III. DISCUSSION

As discussed above, Plaintiff brings the instant action under FOIA and the First Amendment. Because Plaintiff seeks to hold state actors liable for a constitutional violation, the Court construes his First Amendment claim as being brought pursuant to 42 U.S.C. § 1983. *See* 42 U.S.C. § 1983 ("Every person who, under color of [law] subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."); *Woodyard v. Cty. of Essex*, 514 Fed. Appx. 177, 180 (3d Cir. 2013) (claims of constitutional violations against state actors must be brought pursuant to section 1983). The Court finds that Plaintiff's claims warrant dismissal because: (1) Defendant receives sovereign immunity under Eleventh Amendment; (2) Plaintiff's section 1983 claim is untimely; and (3) Defendant is not amenable to suit under section 1983 or FOIA.

First, Defendant State of New Jersey is entitled to sovereign immunity pursuant to the Eleventh Amendment. The Eleventh Amendment bars private suits in federal court against states, unless Congress has specifically abrogated the state's immunity or the state has waived its own immunity. *Karns v. Shanahan*, 879 F.3d 504, 512–13 (3d Cir. 2018) (citing *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 545 (3d Cir. 2007), *amended on reh'g* (Mar. 8, 2007)). The Third Circuit Court of Appeals has explicitly held that "Congress did not abrogate the states' immunity through the enactment of 42 U.S.C. § 1983, and New Jersey has not waived its immunity in federal court." *Gromek v. Maenza*, 614 F. App'x 42, 44 (3d Cir. 2015) (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)). Further, although "FOIA contains a limited waiver

5

of sovereign immunity as to the United States, [it] does not apply to state governments; as a result, it does not abrogate a state's sovereign immunity." *Davis v. California*, 734 F. App'x 560, 564 (10th Cir. 2018) (citing *Davidson v. Georgia*, 622 F.2d 895, 897 (5th Cir. 1980))

Second, the Court finds that Plaintiff's section 1983 claim is time-barred. "Section 1983 claims are governed by the relevant state's statute of limitations for personal injury actions." *Elliott Reihner Siedzikowski & Egan, P.C. v. Pennsylvania Emps. Ben. Tr. Fund*, 29 F. App'x 838, 840 (3d Cir. 2002) (citation omitted). New Jersey has a two-year statute of limitations for personal injury actions, which governs the section 1983 claim here. *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989). "A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d. Cir 1998). Here, when asked on the Complaint, "what date and approximate time did the events giving rise to your claim(s) occur," Plaintiff answered, "my wife was charged with violation of probation in 2005 from a case since 1992." Compl. at 3; *see also* id. at 5 ("This statement concerns the attempts I made to recover my wife's file when she was arrested in 2005 for a probation violation, which occur[r]ed in 1992."). Therefore, Plaintiff's claims accrued in 2005, approximately fourteen years before the Complaint was filed (in 2019). It is "apparent on the face of the [c]omplaint" that Plaintiff's 1983 claim is barred by the two-year statute of limitations, and thus, the claim warrants dismissal. *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002).[5]

---

[5] In his proposed first amended complaint, Plaintiff alleged that he was ordered to be committed to Greystone on May 20, 2010. ECF No. 19 at 5. Plaintiff also alleged that he was released from Greystone on June 12, 2012 and thereafter placed on state supervision. Id. at 7–8. Even if the Court considers these additional allegations and assumes that Plaintiff's claims arose in 2012 rather than 2005, Plaintiff's section 1983 claim would nevertheless be untimely because it was filed over six years later. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("[A] district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings.") (internal citation omitted).

6

Third, Defendant is not amenable to suit under section 1983 or FOIA. In order to prevail under section 1983, Plaintiff "[m]ust allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed <u>by a person</u> acting under color of state law." *West v. Atkins*, 47 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)) (emphasis added). The Supreme Court has held that a State is not a "person" under section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Defendant cannot be sued under section 1983.

Defendant also cannot be sued under FOIA, which establishes the right of the public to obtain records from federal agencies. *See United States v. Weber Aircraft Corp.*, 465 U.S. 792, 793–94 (1984) ("FOIA, 5 U.S.C. § 552 (1982 ed.), requires federal agencies to disclose records that do not fall into one of nine exempt categories."). "FOIA applies only to federal agencies as defined in 5 U.S.C. § 551(1), and there is no right of action under FOIA against state actors or officials." *Daniel v. Safir*, 175 F. Supp. 2d 474, 481 (E.D.N.Y. 2001), *aff'd*, 42 F. App'x 528 (2d Cir. 2002). Therefore, Defendant is not a proper party under FOIA or section 1983 and the claims against it must be dismissed. *See id.*; *Davis*, 734 F. App'x at 564; *Daniel*, 175 F. Supp. 2d at 481.

## IV. <u>Conclusion</u>

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 13) the Complaint (ECF No. 1) is granted. All claims are dismissed without prejudice. Plaintiff may file an amended complaint that cures the pleading deficiencies discussed herein within thirty (30) days of the date of this Opinion.

An appropriate Order follows this Opinion.

**Date:** November 17, 2021

_____
**HON. CLAIRE C. CECCHI, U.S.D.J.**